**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DAVID C. CORSON,**

        **Plaintiff,**

*vs*.                             **CIVIL ACTION NO. 1:09CV65**

**PAUL A. MATTOX, JR., Secretary of**
**Transportation, WEST VIRGINIA**
**DEPARTMENT OF TRANSPORTATION,**
**DIVISION OF HIGHWAYS; and**
**ROGER PROPST, Superintendent of Schools,**
**Calhoun County Board of Education,**

        **Defendants.**

## ORDER/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to a referral order entered October 1, 2009 [DE 59]. This Order disposes only of the non-dispositive motions. The Motions to Amend Complaint, Motions for Summary Judgment, and Motions to Dismiss all remain under consideration at this time.

On the 15th day of May, 2009, Plaintiff, *pro se*, David C. Corson filed his Complaint in this Court against Defendants [DE1].

**Docket Entry 3**

On May 19, 2009, Plaintiff filed a Motion to Allow Additional Evidence [DE 3] requesting the Court allow him to attach additional evidence to his Complaint. For reasons appearing to the

Court, Plaintiff's Motion is **GRANTED**. The "additional evidence" is considered as a supplement to the original Complaint. This Supplemental Complaint requires no additional Answer from the defendants.

**Docket Entry 73** (regarding Docket Entries 54 and 55)

On July 17, 2009, Defendant Mattox filed a Motion to Dismiss [DE 31]. On September 10, 2009, Plaintiff filed his "Answering Brief with Memorandum of Points and Authorities to Defendant Mattox, Jr. And DOH Motion to Dismiss and Motion for Summary Judgment and Roger Propst Motion to Dismiss and For Summary Judgment" [DE 43]. On September 18, 2009, Defendant Mattox filed a "Reply to the Plaintiff's Response to the Defendants' Motion to Dismiss" [DE 48]. On September 21, 2009, Defendant Propst filed a "Reply to The Plaintiff's Response to Defendant Propst's Motion to Dismiss" [DE 51]. On September 28, 2009, Plaintiff filed "Plaintiff's Memorandum Response to Defendant's Reply to the Plaintiff's Response to Defendants (Mattox)[sic] Motion to Dismiss" [DE 54]. On September 29, 2009, Plaintiff filed a "Memorandum Response to Defendant's Reply to Plaintiff's Response to Defendant's (Propst) Motion to Dismiss" [DE 55]. On October 7, 2009, Defendants filed a "Motion to Strike the Plaintiff's Response to the Defendants' Reply or Alternatively, the Defendants' Supplemental Reply to the Plaintiff's Response to the Defendants' Motion to Dismiss" [DE 73].

According to Local Rule of Civil Procedure 7.02, regarding motions, there may be a Response to a Motion and a Reply. Regarding the above motions to dismiss, Plaintiff filed Responses to the Motions (although entitled "Answering Briefs") and Defendants each filed Replies. Plaintiff then filed what he entitles his Response to Defendants' Replies. This Response to Replies is properly construed by the Court as a Surreply. Pursuant to L.R.Civ. P. 7.02(b)(4) "Parties shall

not file surreply memoranda except by leave of court. The Court has not granted leave to file and does not now grant leave to file a Surreply to the Motions. Defendants' "Motion to Strike the Plaintiff's Response to the Defendants' Reply [DE 73] is therefore **GRANTED**. Plaintiff's Memorandum Response to Defendant's Reply to the Plaintiff's Response to Defendants (Mattox)[sic] Motion to Dismiss" [DE 54] and "Memorandum Response to Defendant's Reply to Plaintiff's Response to Defendant's (Propst) Motion to Dismiss" [DE 55] are both **STRICKEN** from the record in this matter and shall not be considered. Defendant Mattox's alternative "supplemental reply" is rendered moot by this decision and is not considered.

**Docket Entry 41** (regarding DE 33)

On July 20, 2009, Plaintiff filed an "Affidavit" [DE 33]. On August 4, 2009, Defendant Mattox filed a Motion to Strike Plaintiff's Affidavit [DE 41]. Pursuant to Federal Rule of Civil Procedure 7(a) the only pleadings allowed are a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; and, if the court orders one, a reply to an answer. Upon cursory review of Plaintiff's "Affidavit" the undersigned finds it is neither a pleading allowed under F.R.Civ.P. 7(a) nor is it a motion or an attachment to a motion. Defendant Mattox's Motion to Strike [DE 41] is therefore **GRANTED** and Plaintiff's Affidavit [DE 33] is **STRICKEN.**

**Docket Entry 40** (regarding DE 35)

On July 21, 2009, Plaintiff filed a "Bench Brief Regarding Compensatory Damages"[DE35]. On July 29, 2009, Defendant Mattox filed a "Motion to Strike Plaintiff's Bench Brief Regarding Compensatory Damages" [DE 40]. For the same reasons set forth above with regard to Plaintiff's "Affidavit," Defendant Mattox's Motion to Strike Plaintiff's Bench Brief Regarding Compensatory

3

Damages [DE 40] is likewise **GRANTED**. Plaintiff's Bench Brief Regarding Compensatory Damages [DE 35] is **STRICKEN**.

**Docket Entries 43, 44, 46, and 49**

Contained in the middle of Plaintiff's "Answering Brief with Memorandum of Points and Authorities to Defendant Mattox Jr. And DOH Motion to Dismiss and Motion for Summary Judgment and Roger Propst Motion to Dismiss and for Summary Judgment" [Docket Entry 43] is Plaintiff's" Motion to Compel Complaince [sic] with I.D.E.A. at Section 612(A)(12)(B) and Section 504 at 300.142 to Provide F.A.P.E." On September 15, 2009, Defendant Mattox filed a "Motion to Strike the Plaintiff's Motion to Compel and Motion for Protective Order Regarding the Plaintiff's Spoliation of Evidence Request" [DE 44]. On September 18, 2009, Defendant Propst filed a Motion to Join in Defendant Mattox's Motion to Strike Motion to Compel and Motion for Protective Order Regarding the Plaintiff's Prevention of Spoliation of Evidence Request [DE 46]. Defendant Propst's Motion to Join [DE 46] is **GRANTED**. On September 21, 2009, Plaintiff filed a "Motion to Withdraw Motion to Compel Compliance with I.D.E.A. at Section 612(A)(12)(B) and Section 504 at 300.142 to provide F.A.P.E." together with "Plaintiff's Answer With Memorandum and Points to Defendants Objections to 'Motion for Prevention of Spoilation [sic] of Evidence' and 'Request of Protective Order'" [DE 49]. For reasons appearing to the Court, Plaintiff's Motion to Withdraw Motion to Compel Compliance with I.D.E.A. at Section 612(A)(12)(B) and Section 504 at 300.142 to provide F.A.P.E. [DE 49] is **GRANTED**. That Motion is withdrawn.

Regarding Defendants' Motions for Protective Order regarding "Plaintiff's 'Prevention of Spoliation Request" [also DE 44, and 46], the Court notes Defendants state they were "sent letters" by Plaintiff "putting them on notice" of their duty to prevent spoliation of evidence in this matter.

The Court has reviewed the docket and documents, and cannot find where Plaintiff has ever filed with the Court any "Prevention of Spoliation Request."[1] He does admit in his response to the Motions, however, that he "sent a letter" to Defendants "calling for the 'Prevention of Spoliation of Evidence.'" His expressed purpose in sending the letters was "to place on notice both defendants who are in custody of valuable evidence that they should not dispose of evidence without an opportunity for interested parties to have access." The Court is sympathetic to Defendants' concerns that they are being "set up" for a separate spoliation of evidence claim; however, there being no such request filed with the Court, there appears to be nothing to strike. Further, the Court has already stayed discovery in this case pending decision on the Motions to Dismiss filed by Defendants and Motion for Summary Judgment filed by Plaintiff. The Court, believing there is no filing to strike, **DENIES**, without prejudice, Defendants' "Motions for Protective Order Regarding the Plaintiff's 'Prevention of Spoliation of Evidence' Request" [DE 44 and 46].

**Docket Entry 50**

On September 21, 2009, Plaintiff filed a "Motion for Protective Medical Order with Memorandum of Points and Authorities" [DE 50]. On October 5, 2009, Defendant Mattox filed "Defendant's Response to the Plaintiff's 'Motion for Protective Medical Order' with Memorandum of Points and Authorities" [DE 66]. On October 13, 2009, Plaintiff filed his "Memorandum Answer to Defendant's (Mattox) Response to '"Motion for Protective Medical Orders' with Memorandum of Points and Authorities" [DE 77]. The Court finds Plaintiff's motion premature as discovery has

---

[1] The filings and docket in this matter are extraordinarily confusing and muddled. As noted above, Plaintiff has filed motions inside of other motions or filed motions together as one document, and the Court may have therefore overlooked the "filing" referred to by the Defendants. If this is the case, Defendants may bring this to the Court's attention and the issue will be reconsidered.

been stayed in this matter, and no medical records have been sought at this time. Any information regarding Plaintiff's medical history was submitted by Plaintiff himself without any request the records be sealed. Plaintiff's Motion for Protective Medical Order [Docket Entry 50] is therefore **DENIED** without prejudice, as premature. Plaintiff shall be permitted to request that any medical records later produced be sealed or under a protective order at the time such production is sought.

For docketing purposes only:

Docket Entry 3 is **GRANTED**.

Docket Entry 73 is **GRANTED**.

Docket Entry 54 is **STRICKEN**.

Docket Entry 55 is **STRICKEN**.

Docket Entry 40 is **GRANTED**.

Docket Entry 35 is **STRICKEN**.

Docket Entry 41 is **GRANTED**.

Docket Entry 33 is **STRICKEN**.

Docket Entry 46 is **GRANTED**.

Docket Entry 49 is **GRANTED**.

Docket Entry 43 is **DENIED AS WITHDRAWN** as regards the "Motion to Compel"

Docket Entry 44 is **DENIED** without prejudice, as premature.

Docket Entry 50 is **DENIED** without prejudice, as premature.[2]

It is so **ORDERED**.

---

[2]Docket Entries 12, 15, 31, 42, and 78 shall be decided by separate Opinion.

The Clerk for the United States District Court for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record and by Certified Mail, Return Receipt Requested, to Plaintiff *pro se*.

DATED: January 21, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE