IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID C. CORSON

       Plaintiff,

v.                //   CIVIL ACTION NO. 1:09CV65
                       (Judge Keeley)

PAUL A. MATTOX, JR., Secretary
of Transportation, West Virginia
Department of Transportation,
Division of Highways, and ROGER
PROPST, Superintendent of Schools,
Calhoun County Board of Education,

       Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

I. <u>INTRODUCTION</u>

On May 15, 2009, the plaintiff, David C. Corson ("Corson"),

acting <u>pro se</u>, sued Paul A. Mattox, Jr. ("Mattox"),[1] the Secretary,

West Virginia Department of Transportation, and Roger Propst

---

[1] Mattox presently serves as both the West Virginia Secretary
of Transportation and as the Commissioner of Highways. <u>See</u> West
Virginia Department of Highways, Secretary Paul A. Mattox, Jr.,
http://www.transportation.wv.gov/secretary/Pages/bio.aspx (last
accessed Sep. 23, 2010).

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

("Propst"), the Superintendent of Schools for the Calhoun County Board of Education.  The complaint alleged violations of Corson's constitutional and civil rights.  (dkt. no. 1).  After the defendants filed motions to dismiss Corson's claims (dkt. nos. 12, 31), the Court referred the matter to the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull") (dkt. no. 59) on October 1, 2009 for review and the filing of a Report and Recommendation ("R&R").

On February 18, 2010, Magistrate Judge Kaull issued an R&R (dkt. no. 86) recommending that the Court grant the motions to dismiss of Mattox and Propst (dkt. nos. 12, 31), 2) deny Corson's motion for summary judgment (dkt. no. 15), and 3) dismiss Corson's complaint.  Corson failed to object within fourteen days of being served with the R&R, and instead filed a premature appeal with the United States Court of Appeals for the Fourth Circuit.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

After the Fourth Circuit rejected his untimely appeal,[2] Corson filed three documents purporting to state his objections to the R&R. (dkt. nos. 99, 106, 109). The Court has reviewed these objections and, for the reasons discussed below, concludes that Corson has failed to identify any error in the Magistrate Judge's R&R. (dkt. no. 86).

## II. <u>STANDING</u>

As a threshold matter, the Court concludes that Corson's claims satisfy the constitutional standing requirements of 1) injury in fact, 2) causation, and 3) judicial redressability. <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). Moreover, no prudential standing considerations preclude Corson from pursuing his claims. <u>See</u> <u>generally</u> <u>Warth v. Seldin</u>, 422 U.S. 490, 499-00 (1975). For the reasons discussed below, however, his claims fail as a matter of law and must be dismissed with prejudice.

---

[2] <u>See</u> <u>Corson v. Mattox, et al.</u>, No. 10-1246 (4th Cir. Jun. 10, 2010) (dkt. no. 97).

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

## III.  FACTUAL BACKGROUND

Corson alleges in his complaint that Propst and Mattox violated his constitutional and civil rights by refusing to repair a low water bridge that provides access to his residence in Calhoun County, West Virginia ("the low water bridge").  The factual background of this case was thoroughly recounted by Magistrate Judge Kaull in the R&R and need only be briefly summarized here.

Although the West Virginia Department of Transportation ("the WVDOT") obtained an easement in 1996 for the purpose of repairing the low water bridge near Corson's property, it never made the repairs.  After Corson moved into his residence in Calhoun County in 1997, he began complaining to the WVDOT and the Calhoun County authorities about periodic flooding over the bridge caused by its disrepair and nearby erosion.  Despite Corson's complaints, the WVDOT took no action.

In 2002, Corson complained to the United States Department of Education, Office of Civil Rights ("U.S. DOE"), asserting that education and transportation authorities in West Virginia and

4

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

Calhoun County were discriminating against him by refusing to
repair the low water bridge. Approximately one year after this, in
2003, Corson's son was attacked while attending school in Calhoun
County. Corson alleges that the Calhoun County Board of Education
and WVDOT conspired to initiate this attack in retaliation for the
complaints he filed with the U.S. DOE in 2002.

After the attack, Corson and his son moved to Georgia in 2004.
Following his son's graduation from high school, Corson returned to
his home in Calhoun County in 2008 where he found the low water
bridge in the same state of disrepair. Consequently, on
February 25, 2009, Corson wrote to Boyd Dotson of the WVDOT
("Dotson"), again requesting that the WVDOT repair the bridge.
After he received no response, Corson filed the instant lawsuit on
May 15, 2009.

The gravamen of Corson's claims are spread across his
complaint (dkt. no. 1), amended complaint (dkt. no. 42), and second
amended complaint (dkt. no. 78). When liberally construed, these
pleadings allege violations of Corson's 1) federal due process

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

rights, 2) civil rights under 42 U.S.C. §§ 1983 and 1985, and 3)
rights under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-
797(b) (1995) ("Rehabilitation Act), and the Americans with
Disabilities Act, 42 U.S.C. § 12101-12213 (2000) ("ADA").  They
also allege state law claims for conspiracy and retaliation.

### IV. <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

The R&R recommended that Corson's first motion to file an
amended complaint seeking to add a claim under the ADA (dkt. no.
42) be granted because it was filed in good faith and would not be
futile.  The R&R also recommended that Corson's second motion to
amend his complaint seeking to add a procedural due process claim
(dkt. no. 78) be denied because that amendment would be futile.
Magistrate Judge Kaull observed that the procedural due process
claim was based on a contention that former Commissioner of the
WVDOT, Fred VanKirk ("VanKirk"), had violated Corson's procedural
due process rights by overturning WVDOT district engineer, James E.
Roten's ("Roten"), decision to rebuild the low water bridge.  The
Magistrate Judge concluded that, under W. Va. Code § 17-2A-8,

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

VanKirk was vested with the authority to make such decisions and that, by overriding Roten, he had not violated any of Corson's constitutional rights.

The Magistrate Judge also recommended that the motions to dismiss of defendants Propst and Mattox (dkt. nos. 12 and 31, respectively) be granted, and that Corson's motion for summary judgment (dkt. no. 15) be denied. He concluded further that Corson had failed to state claims under either the Rehabilitation Act or the ADA and recommended that those claims be dismissed, and that Corson's case in its entirety be stricken from the Court's docket.

## V. <u>STANDARD OF REVIEW</u>

A district court reviews <u>de novo</u> any portions of an R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt without explanation any recommendations to which no objections are filed. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983); <u>see also</u> <u>Nettles v. Wainwright</u>, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

appellate review of both factual and legal questions." Moore v.
United States, 950 F.2d 656, 659 (10th Cir. 1991).

## VI. ANALYSIS

In his objections to the R&R (dkt. nos. 99, 106, 109), Corson
argues that 1) he has stated a due process claim, 2) state law
qualified immunity statutes raise no bar to his federal claims, 3)
he has adequately pleaded his claims under both the Rehabilitation
Act and ADA, 4) his claims under those statutes are not time-
barred, and 5) he is entitled to a trial by jury.[3]  Each of these
objections is  addressed below.

## A.   Constitutional Violations and Injunctive Relief

Even when liberally construed, Corson's attempts to state
claims for violations of his substantive and procedural due process

_____

    [3]  Corson's objections also attempt to raise new legal
theories of relief, including an assertion that the WVDOT's
acquisition of the easement across the low water bridge constitutes
a taking of his property in violation of his due process rights,
and a contention that the defendants' refusal to repair the low
water bridge impairs his constitutional right to interstate travel.
These additional claims are not properly before the Court, and
otherwise are without merit.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86], GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS [DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31], AND DISMISSING LAWSUIT WITH PREJUDICE**

rights under the Fourteenth Amendment fail.[4] In addressing Corson's constitutional claims, Magistrate Judge Kaull correctly observed that, absent a clear and unequivocal expression of an intent to waive its sovereign immunity, a state and its administrative arms cannot be sued for money damages. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 76 (1996); Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459, 464 (1945) (holding that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."), overruled on other grounds by Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 621-22 (2002). The WVDOT indisputably is an administrative arm of the State of West Virginia and thus is entitled to sovereign

---

[4] Corson does not challenge the actions of federal officials and, therefore, his due process claims arise, if at all, under the Fourteenth Amendment. Accord Johnson v. Hugo's Skateway, 949 F.2d 1338, 1349 n.4 (4th Cir. 1991).

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

immunity. See, e.g., Wrenn v. West Virginia Dept. of Transp., 224 W. Va. 424, 427, 686 S.E.2d 75, 78 (W. Va. 2009) (citing West Virginia Code § 17-4-37). Nor has the State or the WVDOT expressed any intent to waive sovereign immunity in the present case. Accordingly, Mattox, in his official capacity as Secretary of Transportation of the WVDOT, is effectively the State and sovereign immunity bars any suit for money damages.[5]

Although the Eleventh Amendment bars a plaintiff from recovering money damages from a state treasury, the legal fiction of Ex parte Young authorizes federal courts to enjoin state officials from enforcing state law when such enforcement would violate a plaintiff's federal constitutional rights. 209 U.S. 123, 159-60 (1908). Federal courts, however, may not enjoin state

---

[5] It is unclear whether Propst also would be entitled to sovereign immunity. In Northern Ins. Co. of New York v. Chatham County, Ga., 547 U.S. 189, 194-95 (2006), the Supreme Court of the United States recognized that Chatham County, Georgia was not an "arm-of-the-State," and, therefore, not entitled to the protections of sovereign immunity enjoyed by the states and their arms. Ultimately, however, the Court need not decide whether Propst is entitled to sovereign immunity because Corson fails to state any cognizable claims against him.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

officials from violating state law. See Pennhurst State School &
Hospital v. Halderman, 465 U.S. 89, 106 (1984) ("it is difficult to
think of a greater intrusion on state sovereignty than when a
federal court instructs state officials on how to conform their
conduct to state law. Such a result conflicts directly with the
principles of federalism that underlie the Eleventh Amendment.").
Here, therefore, only if Corson is able to establish that the
defendants' enforcement of state law violated his federal
constitutional rights would he arguably be entitled to injunctive
relief.

### 1.    Substantive Due Process

Corson argues that the refusal of Propst and Mattox to repair
the low water bridge violates his substantive due process rights
because their decisions were motivated by a desire to retaliate
against him for complaining about the bridge's disrepair and for
advocating on behalf of disabled children.  At bottom, this claim
challenges the refusal of Propst and Mattox to repair the low water

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

bridge, decisions that clearly constitute executive governmental acts.

Due process challenges to executive acts are analyzed under a two-part inquiry. See Hawkins v. Freeman, 195 F.3d 732, 732, 738 (4th Cir. 1999) (en banc). The first part of the inquiry requires the Court to determine whether the executive's conduct was so "outrageous" and "egregious" that it shocks the contemporary conscience. Id. (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)). Unless the executive's conduct reaches this threshold, the analysis ends and the Court need not reach the second part of the inquiry. Id.

Should it reach the second part, the Court must examine the nature of the plaintiff's asserted liberty interest and determine "the level of protection to which it is entitled." Id. Deprivations of fundamental liberty interests are subject to heightened protection. See Chavez v. Martinez, 538 U.S. 760, 775 (2003) (quoting Washington v. Glucksberg, 521 U.S. 702, 721 (1997)). Challenges to non-fundamental liberty interests, however,

12

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

including challenges to economic policies, are subject to a "highly deferential rational basis review." <u>TFWS, Inc. v. Franchot</u>, 572 F.3d 186, 194 (4th Cir. 2009).

### a. <u>Propst</u>

Under these standards, Propst's alleged part in preventing the repair of the low water bridge fails to qualify as executive conduct that shocks the contemporary conscience because Propst lacks any lawful authority to authorize or prevent such repair. The law of West Virginia vests this authority solely in Mattox and his subordinates. <u>See</u> W. Va. Code §§ 17-2A-2; 17-2A-8. As Corson cannot establish that Propst's conduct violated his substantive due process rights, the Court need not address the second part of the inquiry under <u>Hawkins</u>.

### b. <u>Mattox</u>

While Corson's argument with respect to Mattox's refusal to repair the low water bridge is more colorable, ultimately it also fails. Under West Virginia law, Mattox indisputedly has the

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

statutory discretion to manage and administer the State's highway and road systems. <u>See</u> W. Va. Code §§ 17-2A-2; 17-2A-8.

Arguably, if Corson could prove his bare allegation that the bridge's disrepair was motivated by Mattox's desire to retaliate against him for complaining about the state of the bridge, and also for advocating on behalf of disabled children, Mattox's conduct could shock the contemporary conscience. <u>See</u> <u>Hawkins</u>, 195 F.3d at 738-42. Even if Corson could clear this initial hurdle, however, his constitutional claim would fail under the second part of the <u>Hawkins</u> inquiry, which requires that the Court look to the "nature of the asserted liberty interest" to determine "the level of protection to which it is entitled." <u>Id.</u> at 738. This is because Corson's allegations fail to establish the deprivation of a fundamental liberty interest, and his challenge is to an economic policy, which is subject to a "highly deferential rational basis review." <u>Franchot</u>, 572 F.3d at 194.

Under this level of review, the Court looks to whether the challenged policy is "so unjustified by any circumstance or

14

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.'" <u>Exxon Corp. v. Governor of Maryland</u>, 437 U.S. 117, 124 (1978) (quoting <u>Rucker v. Harford County</u>, 946 F.2d 278, 281 (4th Cir. 1991)). There is no set of facts in this case under which Corson could establish that Mattox's refusal to repair the low water bridge is "unjustified by any circumstance or governmental interest." <u>Id.</u> In a world of scarce resources, Mattox necessarily must prioritize some projects over others when exercising his discretion, and this Court is ill-equipped to evaluate the prudence of his decisionmaking in this regard. <u>See</u> <u>Exxon Corp</u>, 437 U.S. at 124.

Moreover, principles of federalism require that the Court accord the State of West Virginia, of which Mattox is an officer, "the respect and dignity due [to it] as [a] residuary sovereign[] and joint participant[] in the Nation's governance." <u>Alden v. Maine</u>, 527 U.S. 706, 709 (1999). Whatever Mattox's motives, he has the full and complete discretion to prioritize some projects over

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

others and this Court will not second guess his decision. Ordering Mattox, and therefore the State of West Virginia, to repair the low-water bridge in the circumstances of this case would amount to an unnecessary and impermissible intrusion on state sovereignty.[6]

**2.   Procedural Due Process**

Corson also asserts that former WVDOT Commissioner VanKirk, who notably is not a party to this action, violated his procedural due process rights by 1) overturning the decision of a lower-ranking WVDOT official to rebuild the low water bridge, and 2) failing to grant him a hearing after he wrote a letter in February 2009 requesting that the WVDOT repair the low water bridge. "To establish a violation of procedural due process, [a] plaintiff[] must show that (1) [he] had property or a property interest (2) of which the defendant deprived [him] (3) without due process of law."

---

[6]   For the same reasons his substantive due process claim fails, Corson's equal protection claim fails also. See Willis v. Town of Marshall, N.C., 426 F.3d 251, 266 (4th Cir. 2005) (affirming district court's rejection of equal protection claim when it "fully overlap[ped]" with the plaintiff's substantive due process claim).

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach, 420 F.3d
322, 328 (4th Cir. 2005) (citing Sylvia Development Corp. v.
Calvert County, Md., 48 F.3d 810, 826 (4th Cir. 1995)).

Corson's procedural due process claims fail as a matter of
law. VanKirk could not have violated those rights because the law
of West Virginia vested him with the authority to intervene in the
manner described by Corson. See W. Va. Code § 17-2A-2. Moreover,
Corson has not established that he was entitled to a hearing, or
even that the WVDOT deprived him of any property interest when, in
February 2009, it declined to grant him a hearing.

B.    **Federal Civil Rights Violations**

Corson also attempts to state claims against Mattox and Propst
pursuant to 18 U.S.C. § 241 and 42 U.S.C. §§ 1983 and 1985. As a
threshold matter, 18 U.S.C. § 241 is a criminal statute that sets
forth the maximum penalties for persons convicted of conspiring to
prevent another from enjoying rights and privileges secured by the
Constitution or laws of the United States. It does not provide an
individual litigant with a private cause of action and Corson thus

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

lacks standing to pursue any claims under § 241. See, e.g., Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994).

Under 42 U.S.C. §§ 1983 and 1985, Corson claims that Mattox and Propst deprived him of his constitutional and civil rights by conspiring to prevent the repair of the low water bridge. However, claims brought under either § 1983 or § 1985 must be pleaded with "specific facts in a nonconclusory fashion to survive a motion to dismiss." Gooden v. Howard County, Md., 954 F.2d 960, 970 (4th Cir. 1992) (en banc). Sections 1983 and 1985 only provide causes of action for the deprivation of rights conferred by the Constitution or a separate statute, and do not confer any substantive rights. See Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 618-20 (1979).

    1. **§ 1983**

"To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

States." <u>Wahi v. Charleston Area Medical Center, Inc.</u>, 562 F.3d 599, 615 (4th Cir. 2009). Under § 1983, Corson claims that when Mattox and Propst prevented the repair of the low water bridge they deprived him of his rights under the Fourteenth Amendment. Because the Court has already concluded that these allegations do not state a constitutional violation, however, Corson's § 1983 claims fail as a matter of law.

**2.   <u>§ 1985</u>**

To state a claim under § 1985, a plaintiff must establish that two or more persons 1) conspired with one another, 2) to deprive him of the equal protection of the laws or of equal privileges and immunities under the laws, 3) that an act was taken in furtherance of the conspiracy, and 4) that the plaintiff's person or property was injured, or that he was deprived of any right or privilege enjoyed by citizens of the United States. <u>United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott</u>, 463 U.S. 825, 828-29 (1983). To establish that the conspirators intended to deprive a plaintiff of equal protection or equal

19

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

privileges and immunities of the laws, the plaintiff must establish "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 268 (1993) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).

Corson's § 1985 claim is also premised on the contention that he suffered constitutional injury when Mattox and Propst conspired to prevent the low water bridge's repair. He attempts to bolster this claim by asserting that his advocacy on behalf of children, as well as his status as a disabled person, were discriminatory factors that motivated Mattox and Propst's alleged collaboration. Regardless of the alleged motives of Mattox and Propst, as discussed earlier in this opinion, Corson has not articulated a violation of his constitutional rights, and his § 1985 claim therefore fails as a matter of law.

### 3.  Qualified Immunity

Even if Corson could establish a violation of his constitutional rights, the doctrine of qualified immunity

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

nevertheless would prevent him from pursuing his claims against Mattox or Propst. See Gooden, 954 F.2d at 969. The availability of qualified immunity under federal law involves a two-pronged inquiry. A state official faced with a federal civil rights claim arising from the performance of his discretionary duties is entitled to qualified immunity unless "(1)'the facts that plaintiff has alleged . . . make out a violation of a constitutional right' and (2) 'the right at issue was 'clearly established' at the time of the alleged misconduct.'" Doe v. South Carolina Department of Social Services, 597 F.3d 163, 169 (4th Cir. 2010) (quoting Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009) (internal citations omitted)). A clearly established right is one that has been authoritatively established by the Supreme Court of the United States, the appropriate court of appeals, or the highest court of the state in which the action arose. Id.; see also Edwards v. City of Goldsboro, 178 F.3d 231, 251 (4th Cir. 1999).

This Court has not been able to locate, nor has Corson drawn its attention to, any authorities suggesting that a state or local

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

government's refusal to repair a bridge or road is unconstitutional. Thus, even if Corson could establish that a conspiracy to prevent the repair of the low water bridge is unconstitutional, the novelty of this legal theory would prevent him from also establishing that the defendants violated a right that was "clearly established" at the time of the alleged conspiracy in this case. Doe, 597 F.3d at 169. For this reason alone, Corson cannot overcome the second hurdle of the qualified immunity inquiry, and neither Propst nor Mattox can be held liable under § 1983 or § 1985.

C.    **The Rehabilitation Act and the ADA**

Corson asserts that he is disabled, that he uses the low water bridge, and that, because the bridge's disrepair impairs his access to and from his residence, the defendants' refusal to repair it violates his rights under the Rehabilitation Act and the ADA. He objects to the conclusion in the R&R that he not only failed to adequately plead a claim under either statute but also that these claims are time-barred. While Corson does not dispute that his

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

Rehabilitation Act and ADA claims are subject to a two-year limitation period, he asserts that they arose in February 2009, within this two-year period.

To state a claim under the Rehabilitation Act, a plaintiff must establish "(1) that he has a disability; (2) that he is otherwise qualified for the benefit in question; and (3) that he was excluded from the benefit due to discrimination solely on the basis of the disability." Rose, 192 F.3d at 467 (4th Cir. 1999). To state a claim under the ADA, a plaintiff must establish the first two elements of a Rehabilitation Act claim, and also that the plaintiff's disability "was a motivating factor" in the discrimination against him. Id. at 470. The R&R concluded that Corson did not state a claim under either Act because his pleadings do not establish that the defendants' actions were motivated solely by his disability or that his disability was in any way a motivating factor in their decisionmaking.

It is undisputed that the WVDOT considered and terminated a project to repair the low water bridge before Corson ever moved to

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

Calhoun County.  Moreover, Corson himself has pled that the low water bridge's disrepair adversely impacts at least thirteen other persons, none of whom is allegedly disabled. In his objections, however, Corson fails to acknowledge that the low water bridge's disrepair adversely impacts disabled and non-disabled persons alike.  See Wright v. Giuliani, 230 F.3d 543, 548 (2d Cir. 2000) (recognizing that "the disabilities statutes do not require that substantively different services be provided to the disabled, no matter how great their need for the services may be. They require only that covered entities make 'reasonable accommodations' to enable 'meaningful access' to such services as may be provided, whether such services are adequate or not.").  Based on this, Corson has failed to state a claim under either the Rehabilitation Act or the ADA, and the Court need not decide whether his claims under the Rehabilitation Act and ADA are time-barred.[7]

---

[7]  Had Corson stated a claim under the Rehabilitation Act or the ADA, his claims arguably would not be time-barred.  This is because, under the continuing tort doctrine, continued wrongful acts, such as the continued failure to uphold a duty, will perpetuate a continuing tort.  Syl. pt. 4, Roberts v. West Virginia

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

**D.   State Law Claims**

Corson does not object to Magistrate Judge Kaull's recommendation in the R&R that all of his state law claims should be dismissed. Given that there are no objections, the Court need not address the conclusion in the R&R that Corson's state law claims fail as a matter of law.

## VII. CONCLUSION

Even when liberally construed, all of Corson's pleadings fail as a matter of law. The Court therefore **ADOPTS** Magistrate Judge Kaull's R&R (dkt. no. 86), **GRANTS** Corson's first motion to amend the pleadings (dkt. no. 42), **DENIES** Corson's second motion to amend the pleadings (dkt. no. 78), **DENIES** Corson's motion for summary judgment (dkt. no. 15)**, GRANTS** Propst and Mattox's motions to dismiss (dkt. nos. 12, 31), and **DISMISSES** this case **WITH PREJUDICE**.

---

American Water Co., 221 W. Va. 373, 375, 655 S.E.2d 119, 121 (2007). If the defendants owed Corson a duty to repair the low water bridge, their continued refusal to repair it could constitute an ongoing and continuing tort. As the Court has found, however, the defendants owe no such duty and their refusal to repair the low water bridge is not actionable.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 86],
GRANTING PLAINTIFF'S MOTION TO AMEND THE PLEADINGS
[DKT. NO. 42], DENYING PLAINTIFF'S SECOND MOTION TO
AMEND THE PLEADINGS [DKT. NO. 78], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], GRANTING
DEFENDANTS' MOTIONS TO DISMISS [DKT. NOS. 12, 31],
AND DISMISSING LAWSUIT WITH PREJUDICE**

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of each order to counsel of record, and further to send copies of each order to the pro se plaintiff, David C. Corson, certified mail, return receipt requested.

DATED: September 29, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE